AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District of Minnesota CR 02-101 JRT/FLN | |
|---|---|---|
| Name of Movant LeVarges Lenard Brown | Prisoner No. 10349-041 | Case No. ~~03-2172~~ CV05-1488 JRT |
| Place of Confinement Federal Correctional Institution Waseca; P.O. Box 1731; Waseca, MN 56093 | | |

UNITED STATES OF AMERICA v. LeVarges L. Brown (name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack U.S. District Court for the District of Minnesota

2. Date of judgment of conviction April 17, 2003

3. Length of sentence 262 months

4. Nature of offense involved (all counts) Violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)

5. What was your plea? (Check one)
   (a) Not guilty
   x (b) Guilty [X]
   (c) Nolo contendere

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury
   x (b) Judge only [X]

7. Did you testify at the trial? No

8. Did you appeal from the judgment of conviction? Yes

SCANNED
JUL 18 2005
U.S. DISTRICT COURT ST. PAUL

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court The United States Court of Appeals for the Eighth Circuit

(b) Result Conviction and sentence affirmed

(c) Date of result April 15, 2004

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?

Yes

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court The United States Court of Appeals for the Eighth Circuit

(2) Nature of proceeding Recall the Mandate

(3) Grounds raised

That the Court should recall the motion in light of Blakely v. Washington

(4) Did you receive an evidentiary hearing on your petition, application or motion?

No

(5) Result The Court denied this motion.

(6) Date of result September 9, 2004

(b) As to any second petition, application or motion give the same information: N/A

(1) Name of court

(2) Nature of proceeding

(3) Grounds raised

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion? N/A

(5) Result N/A

(6) Date of result N/A

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc.

(2) Second petition, etc.

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Whether Petitioner's attorney was ineffective for failing to raise Apprendi v. New Jersey on direct appeal and failure to raise Blakely v. Washington before the Supreme Court on writ of certiorari.

Supporting FACTS (state *briefly* without citing cases or law)

Petitioner's appeal was decided on April 15, 2004, attorney had the end of 90-day period to petition the U.S. Supreme Court for writ of certiorari in light of Blakely v. Washington. See Memorandum.

B. Ground two: Whether Petitioner's was sentenced in direct contradiction to his guilty plea based on the court's finding, exposing him to a greater punishment than that authorized by the plea and erroneously believing it lacked power to depart or exercise its discretion.

Supporting FACTS (state *briefly* without citing cases or law): In Petitioner's plea agreement he did not stipulate to being a career offender. Petitioner could have received a more lenient sentence from the Court if the Court had understood the Guidelines as advisory rather than mandatory. See Memorandum.

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

AO 243 (Rev. 5/85)

D. Ground four:

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

This is the first opportunity that the Petitioner has had to augment the record in his case and to present his issues in light of Apprendi, Blakely, and Booker.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?

No

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing Ira W. Whitlock, Attorney, Reg. No. 265275
906 Minnesota Building; 46 East 4th Street; St. Paul, MN 55101
(651) 221-1075

(b) At arraignment and plea

(c) At trial Same

(d) At sentencing Same

AO 243 (Rev. 5/85)

(e) On appeal Same

(f) In any post-conviction proceeding No

(g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time? No

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

No

(a) If so, give name and location of court which imposed sentence to be served in the future:

(b) Give date and length of the above sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

7-08-05
(date)

Signature of Movant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,
Respondent,

v.

LEVARGES LENARD BROWN,
Petitioner.

PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO TITLE 28 U.S.C. § 2255

Petitioner, Levarges Lenard Brown, pro se, seeks the issuance of a Writ of Habeas Corpus Ad Subjiciendum pursuant to jurisdiction created by Title 28 U.S.C. § 2255, where he is of the belief that his conviction has been obtained in violation of his constitutional rights, as more fully detailed in the arguments that follow.

Levarges Lenard Brown, the petitioner, was charged by way of the criminal indictment on March 5, 2002, with possessing with intent to distribute 108 grams of cocaine base. A federal grand jury returned a one-count indictment on April 2, 2002 which charged him with the same.

Petitioner initially entered a plea of not guilty to the charge, which he changed to a plea of guilty to the charge on November 11, 2002. In the plea agreement he did not stipulate to being a career offender, nor did he waive his right to appeal his sentence. He came before the Honorable John R. Tunheim, United States District Court Judge, for sentencing on April 17, 2003. The Court imposed a sentence of 262 months imprisonment,

five years of supervised release, and a $100.00 special assessment.

Petitioner did take direct appeal of the above conviction. His appeal was denied on April 15, 2004 by the Eighth Circuit Court of Appeals.

Petitioner avers that he relates the combination of these derived facts in narrative form in his argument, rather than present a separate statement of facts relied upon.

Petitioner does hereby state that the information and belief so related is true and accurate to the best of his knowledge and belief.

## ISSUES PRESENTED

I. Whether Petitioner's counsel was ineffective for failing to raise Apprendi v. New Jersey in Petitioner's direct appeal and again for his failure to raise the Blakely v. Washington, 124 S.Ct. 2531 (2004) issue before the U.S. Supreme Court to protect his appellate rights?

II. Whether Petitioner was sentenced in violation of his constitutional rights, based on a court finding that he was responsible for 108 [illegible]grams of cocaine base and was imposed under a mandatory guideline system which was held to be unconstitutional in United States v. Booker, 125 S.Ct. 738, 756-57 (2005), and that the information about his prior criminal record should not have been used against him as a career offender, see Shepard v. United States, 125 S.Ct. 1254 (2005) and that the sentencing court abused its discretion.

PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER PURVIEW OF 28 U.S.C. § 2255

## I. JURISDICTION

This Court maintains jurisdiction pursuant to Title 28, United States Code, Section 2255.

Additionally, Petitioner requests that this Court grant all liberal consideration with respect to this action pursuant to Haines v. Kerner, 404 U.S. 519 (1992); and Maleng v. Cook, 490 U.S. 488 (1989):

> Pro se complaints however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers, and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set facts in support of this claim which entitle him to relief. Id., at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46).

### A) 28 U.S.C. 2255

A petition under § 2255 must be filed in the sentencing court where the sentence was imposed. See Hill v. United States, 368 U.S. 424 (1962).

One in federal custody may move the sentencing court for relief if his incarceration is unlawful. 28 U.S.C. § 2255. The court, upon receipt of the petition, is initially required to determine whether the claim(s) have merit. Id. It does so by reviewing the record. Grady v. United States, 269 F.3d 913, 919 (8th Cir. 2001); also see Federal Rules of Criminal Procedures, rules governing section 2255 proceedings Rule 4(b).

Consequently, a prompt evidentiary hearing must be granted

if the record fails to negate the allegations. Nielson v. Hopkins, 58 F.3d 1331, 1334 (8th Cir. 1995). If the court does not dismiss the motion, the court must order the United States attorney to file an answer. Section 2255 rule, supra, note (1), Rule 4(b); see also id., Rule 5(a) (describing required content of answer).

The court may then order expansion of the record to include additional materials relevant to determine the merits of the motion. Section 2255 Rules, supra, note (1), Rule 7(a). After review of the earlier proceedings and examination of the expanded record, the court must determine whether an evidentiary hearing is required. See, e.g., Chang v. United States, 250 F.3d 79, 85 (2nd Cir. 2001)(record supplemented with affidavit from trial counsel).

## ARGUMENT

I. Petitioner contends that his counsel was ineffective for failing to raise his Apprendi v. New Jersey, 530 U.S. 466, 489 (2000) issue on direct appeal, and thus, Blakely v. Washington, 125 S.Ct. 2531 (2004); United States v. Booker, 125 S.Ct. 738 (2005). In Booker and Blakely, the Supreme Court explained that when a sentence rests on judge-found facts, rather than facts found by a jury or admitted by the defendant, the sentence exceeds the relevant "statutory maximum." See Booker at 749 ("Our precedents ...make clear that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant") (quoting Blakely at 2537).

Petitioner's appeal was decided on April 15, 2004. Approximately ten weeks later, on June 24, 2004, the Supreme Court decided Blakely v. Washington. "A conviction becomes final at the end of 90-day period following court of appeals affirmance during which petitioner could have sought review from the U.S. Supreme Court." See Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003).

Again, Petitioner's counsel was obligated to raise his Sixth Amendment claim before the Supreme Court on writ of certiorari in light of Blakely v. Washington, pursuant to Supreme Court Rule 13. Petitioner's sentence was enhanced under the Sentencing Guidelines by a judge finding that he was responsible for 108 grams of cocaine base, as a career offender. Following Blakely, the Supreme Court in Booker extended Blakely to the mandatory Federal Sentencing Guidelines. Holding that the Sixth Amendment requires "[a]ny fact (other than a prior conviction), which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict, must be admitted by the defendant or proved to a jury beyond a reasonable doubt," the court applied the Apprendi rule to the Federal Sentencing Guidelines.

To prevail on his claim of ineffective assistance, Petitioner Brown has demonstrated that: (1) counsel's performance was deficient and (2) that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 667, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); see also Sanders v. Trickey, 875 F.2d 205, 207-08 (8th Cir. 1989). "Where defense counsel's failure to litigate a Sixth Amendment claim competently is the principal allegation

of ineffectiveness, the defendant must also prove that his Sixth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different, absent the excludable evidence in order to demonstrate actual prejudice." Kimmelman v. Morrison, 106 S.Ct. 2574, 2583 (1986).

"When an attorney chooses to default a Sixth Amendment claim, he also loses the opportunity to obtain direct review under the harmless-error standard of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), which requires the state to prove that the defendant was not prejudiced by the error."

Counsel's ineffectiveness prejudiced Petitioner and that affected his substantial rights under United States v. Olano, 507 U.S. 725, 731 (1993). This point is more fully developed for its standing in law in the argument that follows.

**II. Petitioner was sentenced in violation of his constitutional rights based on the district court's findings.**

Petitioner Brown contends that this Court erred in finding that it did not possess the authority to grant a downward departure for Petitioner. At the sentencing hearing, this Court accepted the recommendation in the Presentence Report (PSI) that Petitioner be deemed a career offender. Petitioner asked this Court to depart from the career offender guidelines, on the basis of language in the United States Sentencing Guidelines (U.S.S.G.) § 4A1.3 permitting the sentencing court to depart downward from the otherwise applicable guidelines range, where reliable information indicates that the criminal history category does not adequately reflect

the seriousness of the Petitioner's past criminal conduct, or the likelihood that Petitioner will commit other crimes.

Petitioner also asked this Court to sentence outside the Guidelines range due to the mitigating circumstances in his case and based on the fact that his case fell outside the heartland cases covered by the Guidelines.

Petitioner points out that this Court did have broad discretion to depart from the applicable guidelines, if the Court finds that there exists an aggravating of mitigating circumstances not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. See United States v. Evidente, 894 F.2d 1000, 1003 (8th Cir. 1990). Both the Commission and the Court have long recognized a sentencing judge's broad discretion to depart from the Guidelines. See United States v. Decora, 177 F.3d 676, 678 (8th Cir. 1999). This discretion remains even when a particular factor has been specifically addressed by the Commission, so long as it is not a prohibited ground for departure. Koon v. United States, 518 U.S. 81, 93 (1996).

When the Sentencing Guidelines were developed, Congress and the Sentencing Commission intended to allow judges to take individual circumstances in account in federal sentencing. See U.S.S.G. § 5K2.0 generally and its commentary.

In situations where the Court concludes a defendant's criminal history significantly over-represents the seriousness of a criminal history, or the likelihood that he will commit further crimes, the Guidelines encourages courts to consider a downward departure from the Guidelines, U.S.S.G. § 4A1.3. The Eighth Circuit Court

of Appeals has illuminated a number of factors which a lower court should consider in determining whether a guideline calculation overstates a defendant's age at the time of the commission of the offense. The proximity in time of the prior crime to the offense at issue, and the state or government's assessment of the seriousness of the prior crime, as reflected by the sentence and length of time actually served for the prior conviction. See United States v. Senior, 935 F.2d 149, 151 (8th Cir. 1991). After considering all of the relevant historical date of a defendant's entire criminal career, the court can determine if a downward departure is warranted. In addition to criminal history departures, the 8th Circuit has recognized the lower court's authority to depart from a defendant's status as a career offender. See United States v. Smith, 909 F.2d 1164 (8th Cir. 1990). In this case, petitioner was sentenced before Blakely v. Washington, 124 S.Ct. 2531 (2004); and United States v. Booker, 125 S.Ct. 738 (2005). In Blakely, the Supreme Court held that imposition of a sentence enhancement above the state of Washington's Sentencing Reform Act's range, based solely on the factual findings of the sentencing judge, violated the defendant's Sixth Amendment rights. Blakely, 124 S.Ct. at 2537. The imposition constituted a Sixth Amendment violation because the findings were neither admitted by the defendant nor found by a jury beyond a reasonable doubt. Id. Following Blakely, the Court held in United States v. Booker, 125 S.Ct. 738 (2005), that "the Sixth Amendment as construed in Blakely does apply to the [federal] Sentencing Guidelines." Booker, 125 S.Ct. at 746. Under the Booker regime, "Any fact (other than a prior conviction)

which is necessary to support a sentence exceeding the maximum authorized by the facts established by...a jury verdict must be admitted by the defendant or proven to a jury beyond a reasonable doubt." Id. at 756.

Petitioner Brown made lengthy statements regarding his request not to be labeled a career offender, and for a departure if labeled such. Petitioner went on to discuss why the predicate offenses were not sufficient to justify labeling him a career criminal, and asked for leniency from this Court. This Court stated: "Based upon my review of Mr. Brown's criminal record, I feel that there's no discretion for the court to not apply career offender status." Sentencing Transcript, page 13, line 2.

Petitioner argues that the Court erred by assuming the career criminal provision was applicable. He wrongly assumed that he could not consider Petitioner's second argument for departure.

Petitioner Brown went on to argue specific bases for departure, all of which fell on deaf ears. Petitioner discussed his physical condition related to his drug addiction and diminished capacity. See Sentencing Transcript, page 16, line 4 and page 17, line 25.

He discussed his criminal history and how the basically non-violent crimes he was committing became a lifestyle, or livelihood. Transcript, page 16, line 12. He discussed the various treatment programs he had been involved with. He discussed sentencing entrapment, specifically how the informant lured him back time after time, which Petitioner argues led him to possess and maintain the quantity discovered on his person on March 5, 2002, the date of arrest in this matter. The Court told Petitioner: "I think

we heard argument this morning that fell into the policy areas a bit. And I think most, most would agree that this sentence is surely longer than it is necessary in terms of the crime that you committed. But we have a situation which the Congress sets the rules. Judges are required to apply them. And I'm required to apply them in this case." See Sentencing Transcript, page 40, line 18. This Court was essentially concluding that it had no authority to depart from the career offender status.

The 8th Circuit Court of Appeals has held that when it is unclear from the record whether the district court erroneously believed it did not have the discretion to depart, or exercise its discretion by not departing, the case must be remanded for resentencing. United States v. Lewis, 249 F.3d 793, 795 (8th Cir. 2001). The Circuit Court remanded for resentencing for the lower court's failure to acknowledge said power in United States v. Gayles, 1 F.3d 735, 739 (8th Cir. 1993).

When it is unclear whether the sentencing court believed it did not have the discretion to depart, or whether the court simply chose not to depart, the uncertainty should be resolved in favor of the defendant. Lewis, 249 F.3d at 795.

Based on the Court's own record, Petitioner would have received a gravely different sentence had it not been for the Court's belief that it did not have the discretion to depart.

Petitioner would have received 151 months without the career enhancement, which is 111 months difference from the 262 months presently imposed upon Petitioner by the Court. The Booker error prejudiced Petitioner and that affected his substantial rights.

See United States v. Olano, 507 U.S. 725, 731-32 (1993). Here, this Court did express some concern about the applicable sentencing range, as stated above, observing that the Court "agreed that this sentence is surely longer than it is necessary." Page 40, Sentencing Transcript, line 18. Now, based on United States v. Pirani, 406 F.3d 543, 2005 WL 1039976, *4 (8th Cir. Apr. 29, 2005), the Court held that a Booker/Blakely error "affects substantial rights" if there is a reasonable probability that, but for the error, he would have received a more favorable sentence. Pirani, at *6. In this case, Petitioner Brown, unlike Pirani, has shown a "reasonable probability" that the district court would have imposed a more favorable sentence if the guideline had been applied in an advisory manner, rather than in a binding fashion. This Court found that the Guidelines range substantially overrepresents the seriousness of Petitioner Brown's criminal history and the likelihood that he will commit other crimes.

As a result, this Court believed that it could not depart and it was prevented from making that judgment call.

## CONCLUSION

Petitioner Brown has shown that the mandatory application of the Federal Sentencing Guidelines affected his substantial rights; he has demonstrated a reasonable probability that his sentencing court would have imposed a more favorable sentence if the judge had understood the Guidelines as advisory, rather than mandatory.

The sentence imposed in his case is unreasonable.

Petitioner should be legally resentenced to the low end of the Guidelines - 151 months without the career enhancement and his liberty interest perfected accordingly.

Respectfully submitted,
Affirmed, declared, and certified true and correct under penalty of perjury with all unalienable Rights, Powers, Privileges, and Immunities invoked and reserved and without prejudice,

Date: 7-08-05

Levarges Lenard Brown

**PROOF OF SERVICE**

I hereby declare that I have mailed a true copy of the above Motion for Writ of Habeas Corpus § 2255 to Andrew Dunne, Assistant U.S. Attorney, 600 United States Courthouse, at 300 South Fourth Street, Minneapolis, MN 55415, by depositing the same, postage prepaid, in the U.S. mailbox, on this 8 day of July, 2005.

Levarges Lenard Brown 10349-041-D
Federal Correctional Institution Waseca
P.O. Box 1731
Waseca, MN 56093-0741