UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LEVARGAS L. BROWN,

Defendant/Appellant,

vs.

UNITED STATES OF AMERICA,

Respondent/Appellee.

Case Nos: CR-02-101-JRT/FLN
CV-05-1428

RECEIVED
NOV 1 4 2005
U.S. COURT OF APPEALS
EIGHTH CIRCUIT-ST. PAUL, MN

BRIEF IN SUPPORT OF MOTION FOR CERTIFICATE OF APPEALABILITY

An appeal from a denial of a 28 U.S.C. § 2255 motion is governed by 28 U.S.C. § 2253. 28 U.S.C. § 2253(a) states that:

> "In a habeas corpus proceeding or a proceeding under § 2255 before a district judge, the final order shall be subject to review, on appeal, by the Court of Appeals for the Circuit in which the proceeding is held."

28 U.S.C. § 2253(c)(2) states that "a certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." Paragraph (3) goes on to state that "the certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."

In Barefoot v. Estelle, 463 U.S. 880, 883 (1983), the Supreme Court states that a certificate of appealability should be granted if the petition for habeas corpus raises issues which involve the denial of a federal right and are debatable among jurists of reason, or such that a court could resolve the issue differently. See also, Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994),



SCANNED
NOV 1 7 2005
U.S. DISTRICT COURT ST. PAUL

cert. den. 513 U.S. 946 (1994) (substantial showing of a denial of a federal right requires a showing that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings).

In the present case, the issues which Defendant Brown seeks to have certified for appealability are:

(a) Whether counsel was ineffective on direct appeal for failing to challenge Defendant's sentence under Apprendi, in order to preserve the Defendant's appellate rights to further challenge his guideline sentence as a career offender under Blakely and Booker?

(b) Whether the District Court abused its discretion at sentencing by finding that it did not possess the authority to grant a downward departure in Defendant's sentence as a career offender under the guidelines?

## ARGUMENTS, POINTS, AND AUTHORITY

### I. Counsel was ineffective on Appeal

Defendant contends that his counsel was ineffective on direct appeal when he failed to challenge the enhanced portion of his guideline sentence as a career offender under Apprendi v. New Jersey, 530 U.S. 466, 489 (2000), in order to preserve the Defendant's appellate rights to further challenge his guideline sentence as a career offender under the guidelines in light of Blakely v. Washington, 125 S.Ct. 2531 (2004); United States v. Booker, 125 S.Ct. 738 (2005).

In Evitts v. Lucey, the United States Supreme Court concluded that the Due Process Clause of the Fourteenth Amendment guarantees criminal defendants the effective assistance of counsel on first appeal as of right. 469 U.S. 387 (1985). The Court determined that mere nominal representation on appeal as of right does not suffice to render the proceedings constitutionally adequate. Id. The Eleventh Circuit has applied the test announced in Strickland v. Washington, supra, for ineffective assistance at trial to guide its analysis for ineffective assistance of appellate counsel claims. Orazio v. Dugger, 876 F.2d 1508 (11th Cir. 1989).

To see whether counsel has fallen below the minimum standard needed for effective assistance of counsel under the Sixth Amendment to the Constitution, a two-prong test must be met. In the case of Strickland v. Washington, the Supreme Court decided that a determination of ineffective assistance of counsel would be conditioned on two factors, both of which must be met:

1. The counsel's performance must have fallen below an objective standard of reasonableness (p. 688);
2. There is a reasonable probability that, but for the counsel's errors, the results of the proceedings would probably have been different (p. 694).

In the present case, Defendant can prove both prongs of the test.

First, Defendant can prove that counsel's failure to raise viable issues on appeal amounts to conduct which falls below an objective standard of reasonableness. "In preparing and evaluating the case, and in advising the client as to the prospects for success, counsel must consistently serve the client's interests

to the best of his or her ability." McCoy v. Court of Appeals of Wisconsin, Dist. 1, 108 S.Ct. 1895, 1902 (1988). In performing this duty, counsel has the duty to search for the strongest arguments possible, and "must be zealous and must resolve all doubts and ambiguous legal questions in favor of his or her client." Id. at 1905. Although the Ninth Circuit has held that the right to effective assistance of appellate counsel does not extend to the filing of certiorari petitions in the U.S. Supreme Court, see, e.g., Miller v. Keeny, 882 F.2d 1428, 1430-32 (9th Cir. 1989) (petitioner's claim that counsel's advice caused him to miss deadline for filing certiorari petition not viable ineffective assistance claim because petitioner had no right to counsel at this stage), the Supreme Court recognizes that counsel is permitted to winnow out weaker arguments from an appellate brief. See Smith v. Murray, 477 U.S. 527 (1986). Nevertheless, the Strickland court determined that appellate counsel can not simply invoke the word "strategy" to explain errors of assistance. Id., at 691. Therefore, appellate counsel's winnowing of issues to be argued on direct appeal should be judged for reasonableness under the circumstances. Id.

In the present case, as is outlined in the following argument, the Defendant clearly had a viable issue on appeal with regard to District Court's failure to make findings of fact as to the second prong of the Strickland test. Therefore, counsel's conduct did fall below an objective standard of reasonableness.

Further, the Defendant can prove that he was prejudiced by counsel's error. Had counsel properly petitioned the Supreme

Court for a Writ of Certiorari, raising the following issue under Blakely and Booker, then the Defendant's case would have been remanded for resentencing, as the Court of Appeals did in United States v. Johnson (No. 03-3379, July 27, 2005); citing Pirani, 406 F.3d at 550. Whether the error here affected Defendant's substantial rights is another matter. To satisfy this factor, "the defendant must show a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." Id. at 552.

In the instant case, at Defendant's sentencing hearing, the District Court accepted the recommendation in the Presentence Report (PSI) that Petitioner be deemed a career offender. Defendant asked the court to depart from the career offender guidelines, on the basis of language in the United States Sentencing Guidelines (U.S.S.G.) § 4A1.3 permitting the sentencing court to depart downward from the otherwise applicable guideline range, where reliable information indicates that the criminal history category does not adequately reflect the seriousness of his past criminal conduct, or the likelihood that he will commit other crimes.

Defendant also asked the Court to sentence outside the Guidelines range due to the mitigating circumstances in his case and based on the fact that his case fell outside the heartland cases covered by the Guidelines.

Defendant pointed out that this Court did have the broad discretion to depart from the applicable guidelines, if the Court found that there exists an aggravating or mitigating circumstance not adequately taken into consideration by the Sentencing Commission

in formulating the Guidelnies. See United States v. Evidente, 894 F.2d 1000, 1003 (8th Cir. 1990). Both the Commission and the Court of Appeals have long recognized a sentencing judge's broad discretion to depart from the Guidelines. See also United States v. Decora, 177 F.3d 676, 678 (8th Cir. 1999). As initially argued, this discretion remains even when a particular factor has been specifically addressed by the Commission, so long as it is not a prohibited ground for departure. Koon v. United States, 518 U.S. 81, 93 (1996).

When the Sentencing Guidelines were developed, Congress and the Sentencing Commission intended to allow judges to take individual circumstances in account in federal sentencing. See U.S.S.G. § 5K2.0 generally and its commentary.

In situations where the Court concludes a defendant's criminal history significantly over-represents the seriousness of a criminal history, or the likelihood that he will commit further crimes, the Guidelines encourages courts to consider a downward departure from the Guidelines, U.S.S.G. § 4A1.3. The Eighth Circuit Court of Appeals has illuminated a number of factors which a lower court should consider in determining whether a guideline calculation overstates a defendant's age at the time of the commission of the offense. The proximity in time of the prior crime to the offense at issue, and the state or government's assessment of the seriousness of the prior crime, as reflected by the sentence and length of time actually served for the prior conviction. See United States v. Senior, 935 F.2d 149, 151 (8th Cir. 1991). After considering all of the relevant historical data of a defendant's entire criminal

career, the court can determine if a downward departure is warranted. In addition to criminal history departures, the 8th Circuit has recognized the lower court's authority to depart from a defendant's status as a career offender. See United States v. Smith, 909 F.2d 1164 (8th Cir. 1990). In this case, Defendant was sentenced before Blakely v. Washington, 124 S.Ct. 2531 (2004); and United States v. Booker, 125 S.Ct. 738 (2005). In Blakely, the Supreme Court held that imposition of a sentence enhancement above the state of Washington's Sentencing Reform Act's range, based solely on the factual findings of the sentencing judge, violated the defendant's Sixth Amendment rights. Blakely, 124 S.Ct. at 2537. The imposition constituted a Sixth Amendment violation because the findings were neither admitted by the defendant nor found by a jury beyond a reasonable doubt. Id. Following Blakely, the Court held in United States v. Booker, 125 S.Ct. 738 (2005), that "the Sixth Amendment as construed in Blakely does apply to the [federal] Sentencing Guidelines." Booker, 125 S.Ct. at 746. Under the Booker regime, "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by...a jury verdict must be admitted by the defendant or proven to a jury beyond a reasonable doubt." Id. at 756.

Defendant Brown made lengthy statements regarding his request not to be labeled a career offender, and for a departure if labeled such. Defendant went on to discuss why the predicate offenses were not sufficient to justify labeling him a career criminal, and asked for leniency from this Court. This Court stated:

"Based upon my review of Mr. Brown's criminal record, I feel that there's no discretion for the court to not apply career offender status." Sentencing Transcript, page 13, line 2.

Defendant argues that the Court erred by assuming the career criminal provision was applicable. It wrongly assumed that it could not consider Defendant's second argument for departure.

Defendant Brown went on to argue specific bases for departure, all of which fell on deaf ears. Defendant discussed his physical condition related to his drug addiction and diminished capacity. See Sentencing Transcript, page 16, line 4 and page 17, line 25.

He discussed his criminal history and how the basically non-violent crimes he was committing became a lifestyle, or livelihood. Transcript, page 16, line 12. He discussed the various treatment programs he had been involved with. He discussed sentencing entrapment, specifically how the informant lured him back time after time, which Defendant argues led him to possess and maintain the quantity discovered on his person on March 5, 2002, the date of arrest in this matter. The Court told Defendant: "I think we heard argument this morning that fell into the policy areas a bit. And I think most, most would agree that this sentence is 'surely longer than it is necessary in terms of the crime that you committed.' But we have a situation which the Congress sets the rules. Judges are required to apply them. And I'm required to apply to him in this case." See Sentencing Transcript, page 40, line 18. This Court was essentially concluding that it had no authority to depart from the career offender status.

The 8th Circuit Court of Appeals has held that when it is unclear from the record whether the district court erroneously believed it did not have the discretion to depart, or exercised its discretion by not departing, the case must be remanded for resentencing. United States v. Lewis, 249 F.3d 793, 795 (8th Cir. 2001). The Circuit Court remanded for resentencing for the lower court's failure to acknowledge said power in United States v. Gayles, 1 F.3d 735, 739 (8th Cir. 1993).

When it is unclear whether the sentencing court believed it did not have the discretion to depart, or whether the court simply chose not to depart, the uncertainty should be resolved in favor of the defendant. Lewis, 249 F.3d at 795.

Based on the Court's own record, Petitioner would have received a gravely different sentence had it not been for the Court's belief that it did not have the discretion to depart.

Defendant would have received 151 months without the career enhancement, which is 111 months difference from the 262 months presently imposed upon Defendant by the Court. The Booker error prejudiced Defendant and that affected his substantial rights. See United States v. Olano, 507 U.S. 725, 731-32 (1993). Here, this Court did express some concern about the applicable sentencing range, as stated above, observing that the Court "agreed that this sentence is surely longer than it is necessary." Page 40, Sentencing Transcript, line 18. Now, based on United States v. Pirani, 406 F.3d 543, 2005 WL 1039976, *4 (8th Cir. Apr. 29, 2005), the Court held that a Booker/Blakely error "affects substantial rights" if there is a reasonable probability that, but for the error, he

would have received a more favorable sentence. Pirani, id. In this case, Defendant Brown, unlike Pirani, has shown a "reasonable probability" that the district court would have imposed a more favorable sentence if the guideline had been applied in an advisory manner, rather than in a binding fashion. This Court found that the Guidelines range substantially overrepresents the seriousness of Defendant Brown's criminal history and the likelihood that he will commit other crimes.

As a result, this Court believed that it could not depart and it was prevented from making that judgment call, under the mandatory Guidelines, pre-Blakely/Booker.

## CONCLUSION

Defendant Brown has shown that the mandatory application of the Federal Sentencing Guidelines affected his substantial rights; he has demonstrated a reasonable probability that his sentencing court would have imposed a more favorable sentence if the judge had understood the Guidelines as advisory, rather than mandatory, and the sentence imposed in his case is unreasonable. See U.S. v. Labastida-Segura, 396 F.3d 1140, 1143 (10th Cir. 2005); Barnett, 398 F.3d 516, 529 (6th Cir. 2005); United States v. Hines, 398 F.3d 173, 722 (6th Cir. 2005); U.S. v. Ameline, 400 F.3d 646, 655 (9th Cir. 2005); reh'g en banc granted, 401 F.3d 1007 (9th Cir. 2005).

Even without a presumption of prejudice, the record in some cases will show that the district court may have been inclined to impose a lower sentence.

WHEREFORE, premised upon the foregoing arguments, Defendant respectfully submits that the issues presented are debatable among jurists of reason such that the Court of Appeals could resolve this matter differently. Accordingly, Defendant requests that this Court issue a Certificate of Appealability on the issues presesnted.

Respectfully submitted,

LeVargas L. Brown

**CERTIFICATE OF SERVICE**

I hereby certify that on this, the 29th day of October, 2005, a true and correct copy of the foregoing:

Brief in Support of Defendant's
Motion for Certificate of Appealability

was sent via first-class mail, postage prepaid, to the following parties:

Andrew Dunne
Assistant United States Attorney
600 United States Courthouse
300 South 4th Street
Minneapolis, MN 55415

**VERIFICATION**

I declare under penalty of perjury that the foregoing is correct according to the best of my information, knowledge, and belief.

Date: 11-01-05

LeVargas L. Brown
#10349-041, Unit D
Federal Correctional Institution
P.O. Box 1731
Waseca, MN 56093