**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

LEVARGES LENARD BROWN,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Criminal No. 02-101 (JRT/FLN)
Civil No. 05-1428 (JRT)

**SUPPLEMENTAL ORDER DENYING § 2255 PETITION AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Levarges Lenard Brown, #10349-041, Federal Correctional Institution Waseca, P.O. Box 1731, Waseca, MN 56093, petitioner *pro se*.

Andrew Dunne, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

Petitioner Levarges Lenard Brown pleaded guilty to possession with intent to distribute approximately 107 grams of cocaine base. The Court sentenced Brown on April 17, 2003. Over defense counsel's objections, the Court found that Brown was a career offender based on at least two prior felony convictions of either a crime of violence or a controlled substance offense. The Court sentenced Brown to 262 months imprisonment, five years of supervised release, and a $100.00 special assessment. On April 15, 2004, the Eighth Circuit affirmed Brown's conviction and sentence. *United States v. Brown*, 94 Fed. Appx. 435, 436 (8th Cir. 2004). On June 24, 2004, the United

14

States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004). Brown did not petition the Supreme Court for a Writ of Certiorari. On July 14, 2004, Brown's sentence became final. *See* Sup. Ct. R. 13.1 (stating petition for certiorari must be filed within ninety days of judgment). On August 28, 2004, Brown moved the Eighth Circuit to recall its mandate based on *Blakely*. The Eighth Circuit denied the motion without comment.

Brown timely filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Brown sought relief on two grounds. First, Brown asserted that his counsel was ineffective for failing to raise *Apprendi v. New Jersey*, 530 U.S. 466 (2000), on direct appeal, and for failing to raise *Blakely* before the United States Supreme Court on writ of certiorari. Second, Brown asserted that he was sentenced in violation of his constitutional rights under *Blakely* and *United States v. Booker*, 543 U.S. 220 (2005), because his sentence was imposed under a mandatory guideline system.

On September 8, 2005, this Court issued an Order denying Brown's § 2255 motion. The Court explained that the rule announced in *Blakely* and *Booker* does not apply retroactively to matters on collateral review. *See Never Misses A Shot v. United States*, 413 F.3d 781 (8th Cir. 2005). The Court did not address Brown's argument that he was denied his Sixth Amendment right to effective assistance of counsel, so the Court

does so now. As explained below, the Court denies Brown's § 2255 motion on this ground as well.[1]

To prove ineffective assistance of counsel, a petitioner must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Anderson v. United States*, 393 F.3d 749, 753 (8th Cir. 2005). The court examines counsel's performance from the counsel's perspective at the time of the alleged error to "eliminate the distorting effects of hindsight." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). To prove prejudice, petitioner must establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Brown argues that his counsel was ineffective for failing to raise *Apprendi* and *Blakely* before the United States Supreme Court on writ of certiorari. There is no constitutional right to counsel in pursuing a writ of certiorari in the United States Supreme Court. *Ross v. Moffitt*, 417 U.S. 600 (1974). Because there is no right to counsel in connection with the filing of certiorari petitions, there can be no corresponding right to the effective assistance of counsel.[2] *Washpun v. United States*, 109 Fed. Appx.

[1] The Court also concludes that an evidentiary hearing is not required in this matter. A 28 U.S.C. § 2255 petition can be dismissed without a hearing if petitioner's allegations, if accepted as true, would not entitled petitioner to relief. *Delgado v. United States*, 162 F.3d 981 (8th Cir. 1998).

[2] The Court acknowledges, however, that petitioner has faced prejudice. If defense counsel had raised a *Booker*-type argument in a petition for writ of certiorari, it is possible that his case would have been on direct review when *Booker* was decided and would therefore have been remanded for re-sentencing under an advisory sentencing guidelines system.

733, 735 (6th Cir. 2004); *Miller v. Keeney*, 882 F.2d 1428, 1432 (9th Cir. 1989); *see Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (holding that there is no constitutional right to effective assistance of counsel in filing a notice of certiorari in the Florida Supreme Court because there is no constitutional right to counsel in discretionary review).

Brown also argues that he was denied his Sixth Amendment right to effective assistance of counsel because defense counsel failed to raise *Apprendi* on direct appeal. This argument has no merit because there was no *Apprendi* issue to raise. The Court based Brown's sentence on his prior convictions and facts established by his guilty plea. Brown correctly points out that the Court enhanced Brown's sentence based on a finding that Brown was a career offender. This finding does not run afoul of *Apprendi*, however, because it was based solely on Brown's prior convictions. *Apprendi* explicitly excludes facts of a prior conviction from its rule. *Apprendi*, 530 U.S. at 490.

It is certainly possible that Brown could have received a shorter sentence if he had been sentenced after *Booker*, which made the Federal Sentencing Guidelines "advisory."[3] The Court would have had to assess the statutory sentencing factors contained in 18 U.

---

[3] The Court sentenced Brown at the bottom of the guideline range, and at sentencing the Court remarked:

> I think most would agree that this sentence is surely longer than is necessary in terms of the crime that you committed. But we have a situation which the Congress sets the rules. Judges are required to apply them. And I'm required to apply them in this case.

(Sentencing Transcript, at 40.)

S.C. § 3553 to determine whether the defendant would have been entitled to relief from the applicable advisory guidelines. The fact remains, however, that Brown's sentence had become final on direct appeal months before *Booker* was decided, and as previously noted, *Booker* is not retroactively applicable on collateral review. Furthermore, at the time of Brown's direct appeal, counsel could not have been reasonably expected to make an argument based on *Apprendi* that the federal sentencing guidelines were advisory. *See, e.g.*, *Fuller v. United States*, 398 F.3d 644, 650 n.4 (7th Cir. 2005); *United States v. Levy*, 391 F.3d 1327, 1334, n.3 (11th Cir. 2004); *Muniz v. United States*, 360 F. Supp. 2d 574, 579 (S.D.N.Y. 2005) ("[B]ecause counsel's performance must be judged as of the time of counsel's conduct, [petitioner's] attorney cannot be deemed ineffective for failing to anticipate a potential Sixth Amendment challenge as alleged in Booker."); *United States v. Wenzel*, 359 F. Supp. 2d 403, 411 (W.D. Pa. 2005) ("Simply stated, [the defendant's attorney] was not ineffective either in failing to forecast the change in the legal landscape brought about by the Supreme Court's Blakely decision or in concluding that an Apprendi challenge was unlikely to succeed."). Thus, it was the unfortunate timing of Brown's judgment that deprived Brown of the possible benefit of the *Booker* decision.

Finally, the Court must address Brown's motion for a certificate of appealability. The court may issue a certificate of appealability only if the defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires that the defendant "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*,

529 U.S. 473, 484 (2000). Here, the Court has determined that Brown's ineffective assistance of counsel claims and his *Booker* claim are without merit or are procedurally barred. The Court is persuaded that reasonable jurists would not find this assessment debatable or wrong. Therefore, Brown has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not issue.

**ORDER**

Based on the foregoing, and all of the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court's "Order Denying § 2255 Petition" dated September 8, 2005 [Docket No. 59] is further supplemented with this order regarding Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 58].

2. Petitioner's Motion for Certificate of Appealability under 28 U.S.C. § 2253 [Docket No. 61] is **DENIED**.

The Clerk of the Court is respectfully directed to mail a copy of this Order to the petitioner.

DATED: March 15, 2006
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge