**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

LEVARGES LENARD BROWN,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Criminal No. 02-101 (JRT/FLN)

**ORDER**

Levarges Lenard Brown, #10349-041, Federal Correctional Institution, P.O. Box 1731, Waseca, MN 56093, petitioner *pro se*.

Andrew Dunne, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

Petitioner Levarges Lenard Brown pleaded guilty to possession with intent to distribute approximately 107 grams of cocaine base. On April 17, 2003, the Court sentenced Brown to 262 months imprisonment, five years of supervised release, and a $100.00 special assessment. On April 15, 2004, the Eighth Circuit affirmed Brown's conviction and sentence. *United States v. Brown*, 94 Fed. Appx. 435, 436 (8th Cir. 2004). On June 24, 2004, the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004). Brown did not petition the Supreme Court for a Writ of Certiorari. On July 14, 2004, Brown's sentence became final. *See* Sup. Ct. R. 13.1 (stating petition for certiorari must be filed within ninety days of judgment). On August 28, 2004, Brown

moved the Eighth Circuit to recall its mandate based on *Blakely*. The Eighth Circuit denied the motion without comment.

Brown timely filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Brown sought relief on two grounds. First, Brown asserted that his counsel was ineffective for failing to raise *Apprendi v. New Jersey*, 530 U.S. 466 (2000), on direct appeal, and for failing to raise *Blakely* before the United States Supreme Court on writ of certiorari. Second, Brown asserted that he was sentenced in violation of his constitutional rights under *Blakely* and *United States v. Booker*, 543 U.S. 220 (2005), because his sentence was imposed under a mandatory guideline system.

On September 8, 2005, this Court issued an Order denying Brown's § 2255 motion. The Court explained that the rule announced in *Blakely* and *Booker* does not apply retroactively to matters on collateral review. *See Never Misses A Shot v. United States*, 413 F.3d 781 (8th Cir. 2005). On March 15, 2006, the Court issued a Supplemental Order that rejected Brown's arguments that he was denied his Sixth Amendment right to effective assistance of counsel.

On September 14, 2006, Brown filed a Motion For Relief From Judgment Pursuant to Federal Rules Of Civil Procedure 60(b). Brown asks the Court to set aside its Supplemental Order pursuant to Rules 60(b)(5) and (6). Under Rule 60(b)(5), the Court may set aside a judgment when the authority upon which that judgment was based has been reversed. Fed. R. Civ. P. 60(b)(5). Under Rule 60(b)(6), the Court may set aside a judgment for "any other reason." Fed. R. Civ. P. 60(b)(6). Brown argues that the Court misinterpreted the law when it reasoned that because there is no constitutional right to

counsel when pursuing a writ of certiorari in the United States Supreme Court, there can be no corresponding right to the effective assistance of counsel in this respect.[1] *See Ross v. Moffitt*, 417 U.S. 600, 617 (1974).

In *Ross*, the United States Supreme Court concluded that a defendant has no constitutional right to counsel in pursuing a writ of certiorari in the United States Supreme Court. *Id*. By so holding, the Court concluded that states are under no obligation to appoint counsel for indigent defendants to seek discretionary state appeals or certiorari petitions. *Id.* at 617-18.

In *Wainwright v. Torna*, the United States Supreme Court held that a state criminal defendant has no Fourteenth Amendment right to the effective assistance of counsel when pursuing a discretionary state appeal. 455 U.S. 586 (1982) (per curiam). "Since respondent had no constitutional right to counsel," the Court observed, "he could not be deprived of the effective assistance of counsel . . . ." *Id.* at 587-88. The four-paragraph opinion in *Torna* relies entirely on *Ross v. Moffitt*.

The Sixth and Ninth Circuits relied on these Supreme Court cases and held that because there is no right to counsel when pursuing a writ of certiorari in the United States Supreme Court, there can be no corresponding right to the effective assistance of counsel. *See Washpun v. United States*, 109 Fed. Appx. 733, 735 (6th Cir. 2004); *Miller v. Keeney*,

[1] While the Court concluded that there is no constitutional right to effective assistance of counsel in filing certiorari petitions, the Court acknowledged that Brown faced prejudice from his defense counsel's failure to file a certiorari petition. If his defense counsel had raised a *Booker*-type argument in a petition for writ of certiorari, it is possible that Brown's case would have been on direct review when *Booker* was decided and would therefore have been remanded for re-sentencing under an advisory sentencing guideline system.

882 F.2d 1428, 1432 (9th Cir. 1989); *see also United States v. Lauga*, 762 F.2d 1288, 1291 (5th Cir. 1985) ("We find the suggestion that Lauga's conviction is constitutionally infirm because his attorney did not file a petition for certiorari totally devoid of merit."). Although *Torna* applied exclusively to discretionary state appeals, "[i]t is impossible to escape the conclusion that the logic of *Torna* is equally applicable to petitions for certiorari . . . ." *Miller*, 882 F.2d at 1432.

Brown points the Court to *Wilkins v. United States*. 441 U.S. 468, 469 (1979). In *Wilkins*, the United States Supreme Court held that the Criminal Justice Act requires appointed counsel to pursue the proceedings through the filing of a timely certiorari petition. *Id.* The defendant in *Wilkins* requested that his appointed counsel file a petition for certiorari and was assured by counsel that it had been filed, but the defendant discovered over a year later that it had not been filed. *Id.* at 468. The Supreme Court reflected that "this prisoner's story of his appointed lawyer's indifference to his legitimate request for help is all too familiar." *Id.* at 470. The Supreme Court remanded the case to the Court of Appeals for reentry of its judgment affirming petitioner's convictions to allow the timely filing of the petition. *Id.*

Brown argues that *Wilkins* establishes that there is a constitutional right to effective assistance of appointed counsel in filing certiorari petitions. While the Court appreciates the thoughtful arguments made in Brown's motion, the Court must disagree. *Wilkins* addresses the duty under federal statute of appointed counsel to aid defendants in the filing of certiorari petitions, but it does not speak to whether there is a constitutional right to effective assistance of counsel in filing certiorari petitions. Moreover, *Wilkins*

presents a special case where a defendant was assured by counsel that a certiorari petition had been filed. *See Cline v. United States*, 2005 WL 2386233, at *7 (E.D. Ky. 2005) (distinguishing *Wilkins* and denying the petitioner's claim that his counsel was ineffective due to a failure to file a petition for a writ of certiorari with the United States Supreme Court). Here, it appears that Brown repeatedly asked his appointed counsel to file a certiorari petition, but his counsel never responded to his requests.

Accordingly, the Court must deny petitioner's motion for relief from judgment.

**ORDER**

Based on the foregoing, and all of the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that petitioner's Motion For Relief From Judgment [Docket No. 68] is **DENIED**.

The Clerk of the Court is respectfully directed to mail a copy of this Order to the petitioner.

DATED: December 12, 2006
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge