# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 02-101(JRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE** |
| LEVARGES LENARD BROWN, | |
| Defendant. | |

Michael L. Cheever, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis MN 55415, for plaintiff.

Robert H. Meyers, Assistant Federal Defender, **UNITED STATES FEDERAL DEFENDER'S OFFICE**, 300 South Fourth Street, Suite 107, Minneapolis MN 55415, for defendant

Defendant Levarges Lenard Brown is serving a 262-month sentence after pleading guilty to a crack offense in 2002. Brown's sentence was determined under sentencing guidelines, effectively mandatory at the time, which contained a large disparity between crack and powder cocaine. Brown brings this motion seeking a sentence reduction pursuant to Section 404 of the First Step Act. Because Brown has already served more than 210 months of his sentence, and because the Court finds that this period of time constitutes a sufficient sentence for his crime, the Court will grant Brown's motion. The Court will reduce Brown's sentence to time served and will reduce Brown's term of

supervised release to four years. The Court will require up to four months in a residential reentry center as a condition of Brown's supervised release.

## BACKGROUND

In 2002, Brown pleaded guilty to one count of possession with the intent to distribute approximately 108 grams of crack in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A). (Docket No. 40.) The Court determined that Brown qualified as a career offender, and that his sentencing guidelines base offense level was 37. (Docket No. 43.) The Court then applied a three-level decrease for acceptance of responsibility, bringing the total offense level to 34. (*Id.*) The Court found that Brown had a criminal history category of VI, and as a result, found that the applicable guideline range was 262–327 months. (Docket No. 44.) The guidelines were effectively mandatory at the time of Brown's 2003 sentencing, and the Court determined that it could not make the necessary findings to grant a departure. (Docket Nos. 43–44.) The Court sentenced Brown to a term of 262 months, the bottom of the guidelines range, and 5 years of supervised release. (*Id.*) Brown appealed the denial of the downward departure to the Eighth Circuit, which affirmed his sentence. *United States v. Brown*, 94 F. App'x 435 (8th Cir. 2004).

Brown has moved several times for sentence reductions. In 2005 and 2006, Brown filed motions to vacate his sentence based on ineffective assistance of counsel, alleging variously that counsel failed to take into account *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005) for Brown's sentencing and appeals. (Docket Nos. 58, 68.) The Court denied

these motions. (Docket Nos. 59, 70.) The Court and the Eighth Circuit similarly denied Brown's requests for a certificate of appealability. (Docket Nos. 64, 67, 69.)

Brown also moved twice for a sentence reduction based on amendments to the guidelines. (Docket Nos. 72, 79, 88.) In each case, the Court found that Brown was not eligible for a sentence reduction due to his career offender status. (Docket Nos. 82, 93.) The Eighth Circuit affirmed. (Docket Nos. 86, 97.) The Eighth Circuit also denied Brown's 2016 petition to file a successive § 2255 motion challenging his career offender status. (Docket No. 97.)

Brown now moves for a reduction in sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The government supports the motion in part and opposes it in part.

## DISCUSSION

### I. FAIR SENTENCING ACT AND FIRST STEP ACT

After Brown was sentenced, Congress enacted the Fair Sentencing Act of 2010, which increased the amount of crack cocaine needed to trigger certain statutory mandatory minimums. *See* 124 Stat. 2372 (codified at 21 U.S.C. § 841(b)(1)). A 10-year mandatory minimum sentence for offenses involving crack cocaine is now triggered by 280 grams, not 50 grams. *See id.* (amending 21 U.S.C. § 841(b)(1)(A)(iii)). However, the Fair Sentencing Act was not retroactive to sentences imposed before its enactment. *See United States v. Orr*, 636 F.3d 944, 958 (8th Cir. 2011).

In 2018, Congress enacted the First Step Act, which allows a sentencing court the discretion to "impose a reduced sentence" on a defendant who committed a "covered offense" as if the Fair Sentencing Act "were in effect at the time the covered offense was committed." *See* First Step Act of 2018, Pub. L. No. 115-391, §404, 132 Stat 5194, 5222 (2018). A "covered offense" is defined by the First Step Act as an offense (1) whose penalty was modified by the Fair Sentencing Act and (2) that was committed before passage of the Fair Sentencing Act. *Id.*

Under 18 U.S.C. § 3582(c), a "court may not modify a term of imprisonment once it has been imposed," with some exceptions. One such exception is when a sentence modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). As such, the Court may modify Brown's term of imprisonment under 18 U.S.C. § 3582(c) because it is expressly permitted by the First Step Act.[1] A sentencing reduction under 18 U.S.C. § 3582(c) requires the Court to consider the factors set out in 18 U.S.C. § 3553(a), including the relevant guideline range, the Sentencing Commission's policy statements, and the need to prevent disparities among similarly situated defendants. 18 U.S.C. §§ 3553(a)(4)-(6), 3582(a) (2018).

## II. BROWN'S SENTENCE

The parties agree that Brown is eligible for a sentence reduction under First Step Act § 404, because he was originally found responsible for approximately 108 grams of

---

[1] *See, e.g., United States v. Neadeau*, No. CR 09-126 (DWF/RLE), 2019 WL 3766394, at *4 (D. Minn. Aug. 9, 2019); *United States v. Ester*, No. CR 03-300(1)(DSD), 2019 WL 2367067, at *1 (D. Minn. June 5, 2019); *United States v. Brown*, No. CR 07-3541 (DSD/FLN), 2019 WL 1895090, at *2 (D. Minn. Apr. 29, 2019).

crack prior to 2010, which is a covered offense. If the Fair Sentencing Act had been in effect when Brown was sentenced, the applicable sentencing statute would have been 21 U.S.C. § 841(b)(1)(B)(iii) instead of § 841(b)(1)(A)(iii). Under 21 U.S.C. § 841(b)(1)(B)(iii), the statutory minimum is five years, and the maximum is 40 years, with a supervised release range from four years to life.

Because Brown was considered a career offender at his initial sentencing, his guidelines range was tied to the statutory maximum sentence. U.S.S.G. § 4B1.1 (2016). Given a statutory maximum of 40 years, Brown's base offense level would be 34. *Id.* After subtracting three levels for acceptance of responsibility, Brown's total offense level would be 31, resulting in a guidelines range of 188–235 months given a criminal history category of VI.[2]

Here, the parties agree that Brown is entitled to a sentence reduction under the First Step Act, but they disagree as to the appropriate amount. The Government argues that Brown should be resentenced to 240 months, down from 266 months. Brown, on the other hand, argues that he should be sentenced to time served. The difference between Brown's position and the Government's position appears to be approximately nine months, after taking good time credit into account.

---

[2] Brown argues that he should no longer be considered a career offender because his prior convictions are no longer career-offender predicates. The parties agree that if Brown were not a career offender, his guideline range would be 77–96 months. (U.S.S.G. § 2D1.1(c)(8) sets a base offense level of 24, minus three levels for acceptance, for a total offense level of 21). Because the sentencing guidelines under the First Step Act are sufficient to sentence Brown to time served even if he were a career offender, the Court need not reach the issue of whether or not the career offender status applies.

The Court finds that Brown has already served more than 210 months in prison, which is almost exactly the midpoint of the revised guideline range. This figure does not include the months of good time credit that Brown has already accrued. The Court has reviewed the parties' submissions and the record in this case and finds that, under these circumstances, a sentence reduction to time served is warranted. The Court will also revise Brown's term of supervised release, which will be reduced to four years. Finally, the Court will require that Brown reside for up to 120 days in a residential reentry program as a condition of his supervised release.

## CONCLUSION

Because Brown has already served over 210 months, even without consideration of good time credit, and because the Court finds this time period to be an appropriately reduced term of imprisonment, the Court will grant Brown's motion. The Court will reduce Brown's sentence to time served and will reduce Defendant's term of supervised release to four years.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Brown's Motion for Sentence Reduction pursuant to Section 404 of the First Step Act [Docket No. 106] is **GRANTED;** and

2. Defendant's term of imprisonment in this case is reduced to time served;

3. Defendant's term of supervised release is reduced to 4 years;

4. Upon his release, Defendant shall reside for a period of up to 120 days in a residential reentry center as approved by his probation officer and shall observe the rules of that facility; and

5. All other aspects of Defendant's sentence shall remain as originally imposed.

DATED: October 3, 2019
at Minneapolis, Minnesota.

                                              JOHN R. TUNHEIM
                                                    Chief Judge
                                        United States District Court